UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAHIMA PRIMUS,

               Plaintiff,

-against-

ROCKET MORTGAGE LLC,

               Defendant.

**MEMORANDUM AND ORDER**
24-cv-00732 (LDH) (JRC)

---

LaSHANN DeARCY HALL, United States District Judge:

    Rahima Primus ("Plaintiff"), appearing *pro se*, seeks a preliminary injunction to enjoin Rocket Mortgage LLC ("Defendant") to provide her with a $1,800,000 line of credit for a new home and to further compensate her for her alleged hardship. (Proposed Order to Show Cause for Preliminary Injunction ("Proposed OTSC") at 1, ECF No. 12.).

    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, a moving party must meet four requirements: (1) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (2) likelihood of success on the merits; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)).

    A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999). Given

the importance of a showing of irreparable harm, the Court need not reach any of the other requirements necessary to grant injunctive relief where it has not been demonstrated. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "To satisfy the irreparable harm requirement, [plaintiffs] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* "[A] request for an injunction will be denied when remedies available at law, such as monetary damages, are adequate to compensate for the injury." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 504 (2d Cir. 2014). Where, as here, a plaintiff seeks a mandatory injunction, one in which the defendant must perform a positive act, the plaintiff must make an even stronger showing of irreparable harm. *See Yang v. Kosinski*, 960 F.3d 119, 127–28 (2d Cir. 2020) ("[W]here the movant is seeking to modify the status quo by virtue of a '*mandatory* preliminary injunction' (as opposed to seeking a '*prohibitory* preliminary injunction' to maintain the status quo) . . . the movant must also [] make a 'strong showing' of irreparable harm.") (internal citations omitted). Plaintiff has failed to make this showing.

Plaintiff's alleged injury, stemming from Defendant's refusal to extend her a line of credit, can be adequately compensated with monetary damages. Not only does Plaintiff explicitly seek $50,000 as compensation for her alleged hardship, but her request that the court enjoin Defendant to extend her a $1,800,000 line of credit is effectively a request for monetary compensation. (Proposed OTSC at 1.) Plaintiff alleges that, without a mortgage, she will be "unable to move her family into a safer neighborhood with better schools and activities." (Proposed OTSC at 3.). While this is an unfortunate circumstance, it is not sufficient to make a showing of immediate and irreparable harm. Plaintiff's allegation that she will be deprived of

the opportunity to send her children to better schools without immediate relief cannot overcome the fact that her alleged injury can ultimately be compensated with monetary damages. "[A]lthough a party may wish to have financial compensation now rather than later, compensation need only be adequate for preliminary relief to be unwarranted, not perfect." *Zirin Tax Co., Inc. v. United States by & through Comm'r of Internal Revenue Serv.*, No. 24-CV-01511, 2024 WL 2882609, at *5 (E.D.N.Y. June 7, 2024) (citing *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 358 (2d Cir. 2024)) (internal alterations and quotations omitted).

Even if the Court were to construe Plaintiff's request for a line of credit as non-monetary relief, there is not a sufficient nexus between Plaintiff's inability to obtain a mortgage from Defendant, specifically, and Plaintiff's alleged harm—the inability to move her family to a better neighborhood. *See, e.g.*, *Mostaghim v. Fashion Inst. of Tech.*, No. 01-CV-8090, 2001 WL 1537545, at *3 (S.D.N.Y. Dec. 3, 2001) (denying a request for a preliminary injunction where Plaintiff's requested injunctive relief had no causal nexus to any irreparable harm). As such, Plaintiff cannot demonstrate that, absent injunctive relief, she will face immediate and irreparable harm that cannot be remedied with monetary damages.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      July 5, 2024

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

3